# DECISIONS

OF THE

# UNITED STATES BOARD OF TAX APPEALS

### APPEAL OF A. WILHELM CO.

Docket No. 6533.   Promulgated February 1, 1927.

Taxpayer leased its property, the lessee agreeing to return the plant in the same condition as then existed and with assets of as great book value and actual value as then existed. During the taxable year the lessee made repairs and installed new equipment and machinery of a value in excess of depreciation. *Held,* that no error was committed in refusing a depreciation deduction to the taxpayer.

*H. A. Mihills, C. P. A.,* for the petitioner.
*Ellis W. Manning, Esq.,* for the Commissioner.

This is an appeal from the determination by the Commissioner of a deficiency of $601.64 in income and profits tax for the year 1919. The Commissioner denied the taxpayer's contention that an additional depreciation of $37,860.78 should be allowed for the ten-month period from March 1, 1919, to December 31, 1919, during which its plant was leased, including the depreciable assets in question.

### FINDINGS OF FACT.

The taxpayer is a Pennsylvania corporation with its principal office at Reading.

By an instrument entitled " lease and option," dated February 21, 1919, the taxpayer leased its plant and all of the assets of the business as a going concern, subject to its liabilities, which were assumed by the lessee, to the Glidden Company for a term of five years, beginning March 1, 1919, and granted the lessee an option, at any time during the term of the lease, to purchase same, subject to its liabilities, for $1,250,000.   The lease provides in part—

1. The Lessee shall pay all expenses of the Lessor including wages, salaries and other compensation of its employes, officers and agents; all state, county,

municipal, school and other taxes upon its property, taxes upon its capital stock and corporate franchises, and upon the privilege of exercising the same, excess profits taxes, war profits taxes, income taxes, (except that the Lessor shall bear the income taxes upon its income to the extent of Eighty-seven Thousand Five Hundred Dollars ($87,500) per annum,) and all other taxes of every kind and description assessed or levied by any governmental or municipal authority whatsoever; all costs of manufacture, including the costs of materials, supplies, power, light, heat and water, all expenses of transportation; all office expenses, including branch offices, all selling commissions and other expenses; all obligations and expenditures arising out of any contract, business, negligence or misfeasance or however otherwise arising, and whether the liability for the same now exists or be hereafter created in any way connected with the conduct and operation of the plant, business and assets of the said Lessor, and including damages to persons or property, legal expenses, (not including those properly chargeable to the individual stockholders of the Lessor), interest, discounts and all other expenses and losses in, or arising out of, the conducting and operating of the business of the Lessor and maintaining its organization, together with the expenses of maintaining its plant and assets according to the same standard and condition heretofore and at present existing, including the cost of new construction, new machinery, equipment, fixtures, furniture and other items of principal assets, where the same shall be necessary to replace depreciation and maintain said present existing standard and condition. The Lessee shall at its own cost keep said assets fully and properly insured against fire.

2. The Lessee shall pay to the Lessor in addition to the foregoing a yearly rental of Eighty-seven Thousand Five Hundred Dollars ($87,500.) during each year of said term in monthly installments of Seven Thousand Two Hundred and Ninety-one Dollars, and sixty-six Cents ($7,291.66) beginning on the first day of March, 1919.

3. The Lessee shall, at the expiration of said time, return to the Lessor its said plant, business and assets in the same condition as the same now exists, (except for such changes or replacements thereof as are necessary and usual to the normal conduct of its business) the aggregate of which assets, except the good will and trade marks, shall be of at least as great book value and actual value when so returned as the aggregate of such assets as at present existing, and the value of the aggregate of the assets described in each group thereof in the Lessor's balance sheet, when so returned, shall be not less than ninety per cent of the value of such group of assets at the present time. The lessee shall in good faith and with due diligence make every reasonable effort, by advertising to the extent usual with the Lessor, and by other means of cultivation and development, to preserve the value of the Lessor's good will and trade marks.

The Glidden Company went into possession under its lease on March 1, 1919, and operated under it for the remaining ten months of 1919.

During the period from March 1, 1919, to December 31, 1919, the lessee erected new buildings and installed new equipment at a cost of $179,141.33. These expenditures were capitalized on the books of account of the lessee. None of them replaced depreciation on the lessor's original plant. During the period in question repairs in the maintenance of the lessor's plant were made and charged to the operations of the lessee.

In its return for 1919, the taxpayer deducted depreciation for the two-month period ending February 28, 1919, in the amount of $4,637.64. This amount was allowed by the Commissioner. The Glidden Company claimed a deduction of $37,860.78 for depreciation for the ten-month period ending December 31, 1919, which included depreciation on additions to the plant, but that deduction was denied to it by the Commissioner. The taxpayer now contends that it is entitled to an additional deduction from gross income for 1919 of $37,860.78, representing the depreciation for the ten-month period ending December 31, 1919. This was refused by the Commissioner in determining the deficiency.

OPINION.

PHILLIPS: Substantially all of the facts are stipulated. Taxpayer leased its plant under an agreement by which the lessee covenanted to bear the " expenses of maintaining its plant and assets according to the same standard and condition heretofore and at present existing, including the cost of new construction, new machinery, equipment, fixtures, furniture and other items of principal assets, where the same shall be necessary to replace depreciation and maintain said present existing standard and condition " and, at the expiration of the lease, to return " said plant, business and assets in the same condition as the same now exists, (except for such changes or replacements thereof as are necessary and usual to the normal conduct of its business) the aggregate of which assets, except the good will and trade marks, shall be of at least as great book value and actual value when so returned as the aggregate of such assets as at present existing." The lease was to continue for five years, with the right to the lessee at any time to purchase at a stated price. The lessee made repairs in the maintenance of the plant and erected new buildings and installed new equipment at a cost considerably in excess of the depreciation claimed.

The Revenue Act provides that in computing net income a deduction may be taken of a reasonable allowance for exhaustion, wear and tear. What is a reasonable allowance must be determined from all the facts and circumstances. In the peculiar circumstances here involved, considering that the lessee was bound to make good all depreciation by replacements or additions, it is our opinion that no allowance could be justified as reasonable.

Taxpayer lays stress upon the refusal of the Commissioner to allow such deduction to the lessee, taking the position that depreciation took place and is deductible by either the lessor or the lessee.

Since we are not called upon to determine the tax liability of the lessee in this proceeding, we express no opinion upon the ruling made with respect to it.

*Decision will be entered for the Commissioner.*